UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRYSTAL PALOS, individually and on behalf of all others similarly-situated,

                Plaintiffs,

v.

ALL AMERICAN HOMECARE AGENCY INC., and ALBERT ISAKOV, in his individual and corporate capacity,

                Defendants.

No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

## CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Krystal Palos ("Plaintiff" or "Ms. Palos"), individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, The Ottinger Firm, P.C., as and for their Complaint in this action against Defendants All American Homecare Agency Inc. (the "Company" or "All American Homecare,") and "Albert Isakov" ("Mr. Isakov") ("collectively, "Defendants") allege upon personal knowledge and upon information and belief as to other matters as follows:

### NATURE OF THE CLAIMS

1. Plaintiffs, current and/or former "intake coordinators, home health aides, personal care aides, consumer directed personal assistant program workers, and consumer directed personal assistant services workers" employed by Defendants, bring this action on their own behalf and on behalf of the proposed collective and Rule 23 classes identified below, against Defendants for violations of: (1) the overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (2) the minimum wage and overtime requirements under

1

New York Labor Law ("Labor Law" or "NYLL"), §§ 650 *et seq.*; (3) the wage statement and notice requirements of NYLL § 195; (4) the prohibition against taking deductions from wages under NYLL § 193; and (5) any other claim(s) that can be fairly inferred from the facts set forth herein.

2. Plaintiff seeks to represent a class made up of all persons who are or have been employed by Defendants as "intake coordinators, home health aides, personal care aides, consumer directed personal assistant program workers, and consumer directed personal assistant services workers," or other similar jobs, in New York State during the applicable statute of limitations period under both the FLSA and NYLL.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise these claims primarily occurred in this District.

5. Plaintiffs' claims are properly consolidated as a single action because their claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## THE PARTIES

6. Plaintiff Krystal Palos resides in Queens, New York. Ms. Palos was employed by Defendants from around August 8, 2016, through March 3, 2017. During her employment with Defendants, Plaintiff Krystal Palos worked at Defendants' facility located at 1 West 34th Street

in New York County, New York. At all relevant times, Plaintiff Krystal Palos was an "employee" within the meaning of the FLSA and NYLL.

7. All American Homecare is an incorporated entity organized and existing under the laws of the State of New York, with its principal place of business located at Brooklyn, New York. At all relevant times, All American Homecare was an "employer" within the meaning of the FLSA and NYLL.

8. Defendant Mr. Isakov resides in Nassau County, New York. Upon information and belief, at all relevant times Mr. Isakov is and has been the Chief Executive Officer, was in active control and management of the Company, and regulated the employment of persons employed by the Company, including Plaintiffs. At all relevant times, Mr. Isakov was an "employer" within the meaning of the FLSA and NYLL.

## **COLLECTIVE ACTION ALLEGATIONS**

9. Plaintiffs bring this action on behalf of themselves and other employees similarly situated, as authorized under 29 U.S.C. § 216(b). The employees similarly-situated are:

> **FLSA Collective Action:** All persons who are or have been employed by Defendants as intake coordinators, home health aides, personal care aides, consumer directed personal assistant program workers, and consumer directed personal assistant services workers, or other similar jobs, at any location operated by Defendants in the State of New York from three (3) years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendants' unlawful practice of (i) failing to pay applicable overtime premiums for all hours worked in excess of 40 hours per workweek.

10. Defendants employed Plaintiff Krystal Palos and the members of the FLSA Collective Action during the time period relevant to the FLSA Collective Action, and classified Plaintiffs as nonexempt from the minimum wage and overtime requirements of the FLSA.

11. Defendants each meet the definition of an "employer" under the FLSA. By way of examples only, Defendants control how much the FLSA Collective Action members are paid, maintain all-time records for the FLSA Collective Action members, assign and supervise all of the tasks given to the FLSA Collective Action members, and maintain and exercise control as to how the FLSA Collective Action members are to perform their tasks.

12. Each of the FLSA Collective Action members are or were non-exempt employees entitled to overtime compensation for all hours worked in excess of 40 hours per workweek.

13. However, at all times during the FLSA Collective Action period, Defendants failed to pay the Collective Action members overtime premiums for all hours worked in excess of 40 per workweek.

14. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Action members.

15. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective Action members and, as such, notice should be sent to the FLSA Collective Action members.

16. There are, upon information and belief, more than 200 similarly situated current and former employees of Defendants who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated individuals are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

17. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:** All persons who are or have been employed by Defendants as intake coordinators, home health aides, personal care aides, consumer directed personal assistant program workers, and consumer directed personal assistant services workers, or other similar jobs, at any location operated by Defendants in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendants' unlawful practice of (i) failing to pay the applicable minimum wage; (ii) failing to pay applicable overtime premiums for all hours worked in excess of 40 hours per workweek; (iii) taking deductions from Plaintiffs' earned wages in violation of NYLL § 193; and (iv) failing to furnish wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

18. At all times during the time period relevant to the New York Class, Defendants, as a matter of policy, (i) did not pay Plaintiffs or the New York Class any wages or the applicable overtime premium pay rate for all hours worked in excess of 40 per workweek; (ii) did not pay Plaintiffs or the New York Class spread of hours compensation; (iii) took deductions from Plaintiffs' earned wages based on Defendants' assessment of Plaintiffs' work performance and for other reasons and purposes prohibited by the NYLL; and (iv) failed to furnish correct and accurate wage statements required by the NYLL.

19. The facts as alleged in Paragraphs 11-16 with respect to the FLSA Collective Action are similarly true for the New York Class during the time period relevant to the New York Class.

20. Defendants failed to make, keep and/or preserve accurate records with respect to Plaintiffs and the New York Class and failed to furnish to Plaintiffs and the New York Class an accurate statement an appropriate statement of wages, in violation of the NYLL and supporting New York State Department of Labor regulations.

21. Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period,

Defendants employed in excess of 40 people who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

22. Typicality: Plaintiffs' claims are typical of the members of the proposed New York Class. During the New York Class period, Defendants subjected Plaintiffs and the members of the New York Class to same policy and practice of failing to pay them minimum wage and overtime compensation required by the NYLL.

23. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed New York Class and have retained counsel experienced in FLSA and NYLL class and collective action litigation.

25. Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

    a. Whether Defendants violated the NYLL as alleged herein;

    b. Whether Defendants unlawfully failed to pay the applicable minimum wage to members of the New York Class in violation of the NYLL;

    c. Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

    d. Whether Defendants unlawfully failed to pay spread of hours compensation to members of the New York Class in violation of NYLL;

    e. Whether Defendants took unlawful deductions from wages earned by members of the New York Class in violation of NYLL;

  f. Whether Defendants employed Plaintiffs and the New York Class within the meaning of New York law;

  g. Whether Defendants should be enjoined from continuing the practices that violate the NYLL;

  h. What the proper measure of damages sustained by the New York Class are; and

  i. Whether Defendants' actions were "willful."

26. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class could result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

27. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments of Defendants' practices.

28. Plaintiffs intend to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are available from Defendants.

## INDIVIDUAL FACTUAL ALLEGATIONS

29. As outlined above, Defendants employed Plaintiff Krystal Palos as an intake coordinator from approximately August 8, 2016, through March 3, 2017.

30. During her employment with Defendants, Plaintiff Krystal Palos worked at Defendants' facility located at 1 West 34th Street in New York County, New York.

31. As intake coordinators, home health aides, personal care aides, consumer directed personal assistant program workers, and consumer directed personal assistant services workers, Plaintiff Krystal Palos and other members of the proposed collective and Rule 23 classes are or were nonexempt employees entitled to the protections of the FLSA and NYLL throughout their employment by Defendants.

32. Defendants compensated Plaintiff Krystal Palos on an hourly basis; on any occasion that Ms. Palos worked less than 40 hours in a week she was only paid for the hours she had worked.

33. As elucidated in the previous paragraph, Defendants did not compensate Plaintiff Krystal Palos on a salaried basis despite claiming so when Ms. Palos complained about not receiving overtime compensation for hours worked over 40 in or around September 2016.

34. During most weeks of employment, Defendants required Plaintiff Krystal Palos to work in excess of 40 hours per week.

35. By way of example, during a typical workweek, Plaintiff Krystal Palos generally worked a total of approximately 43 hours, based on the following work schedule:

> i. Monday, from 8:30 a.m. to 5:00 p.m. (i.e., 8 hours);
>
> ii. Tuesday, from 8:00 a.m. to 6:00 p.m. (i.e., 9.5 hours);
>
> iii. Wednesday, from 8:30 a.m. to 5:00 p.m. (i.e., 8 hours);
>
> iv. Thursday, from 8:00 a.m. to 6:00 p.m. (i.e., 9.5 hours); and
>
> v. Friday, from 8:30 a.m. to 5:00 p.m. (i.e., 8 hours).

36. Plaintiff Krystal Palos had an unpaid, 30-minute lunch break each workday, which was accounted for in the preceding paragraph.

37. Defendants paid no wages at all for hours worked in excess of 40 per workweek.

## FIRST CAUSE OF ACTION
### (FLSA: Failure to Pay Overtime Compensation)

38. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

39. During the relevant time period, Plaintiffs and the members of the FLSA Collective Action worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the FLSA, were not paid appropriate overtime compensation.

40. Despite the hours worked by Plaintiffs and the members of the FLSA Collective Action, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiffs and the members of the FLSA Collective Action appropriate overtime compensation.

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

42. Plaintiffs and the members of the FLSA Collective Action seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
## (NYLL: Unpaid Minimum Wage)

43. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

44. As outlined above, Defendants' pay practices failed to pay Plaintiffs and the members of the New York Class a minimum wage required by the NYLL.

45. Accordingly, Plaintiffs and the members of the New York Class are entitled to the difference between the NYLL minimum wage and the wages paid by Defendants as damages for Defendants' violations of the NYLL and Minimum Wage Order's minimum wage provisions.

46. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

47. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

## THIRD CAUSE OF ACTION
## (NYLL: Failure to Pay Overtime Compensation)

48. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

49. During the relevant time period, Plaintiffs and the members of the New York Class worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the NYLL, were not paid appropriate overtime compensation.

50. Despite the hours worked by Plaintiffs and the members of the New York Class, Defendants willfully, in bad faith, and in knowing violation of the NYLL, failed and/or refused to pay them appropriate overtime compensation.

51. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

52. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

**FOURTH CAUSE OF ACTION**
**(NYLL: Unlawful Deductions)**

53. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

54. During the relevant time period, as set forth above, Defendants unlawfully deducted portions of Plaintiffs' earned wages for purposes that were not for Plaintiffs' benefit and were outside the enumerated categories of permissible deductions from employee wages under NYLL § 193.

55. Despite the hours worked by Plaintiffs and the members of the New York Class, Defendants willfully, in bad faith, and in knowing violation of the NYLL, failed and/or refused to pay them the requisite compensation.

56. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

57. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendant, as provided by the NYLL.

## FIFTH CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Statements)

58. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

59. During the relevant time period, Defendants failed to furnish Plaintiffs and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

60. Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiffs and the members of the New York Class for $250 per violation, for up to $5,000 per class member.

61. In addition to statutory penalties, Plaintiffs and the members of the New York Class are entitled to recover from Defendants reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the proposed FLSA Collective Action and New York Class, pray for the following relief:

A. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B. A judgment declaring that the practices complained of herein are unlawful and in violation of FLSA and New York Labor Law;

C. That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

D. That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23;

E. An award to Plaintiffs for all damages which Plaintiffs have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation they would have received but for Defendants' improper practices;

F. An award to Plaintiffs of the amount of unpaid wages, including interest thereon, and penalties;

G. An award to Named Plaintiffs of all applicable statutory damages to which they are entitled;

H. An award to Plaintiffs of exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

I. An award to Plaintiffs for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, and expert witness fees;

J. An award to Plaintiffs of pre-judgment and post-judgment interest, as provided by law; and

K. Any other and further relief as this Court finds necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

//

Dated: July 14, 2017
      New York, New York

Respectfully submitted,

THE OTTINGER FIRM, P.C.

By: _____
Ariel Y. Graff
401 Park Avenue South
New York, New York 10016
Telephone: (212) 571-2000
Fax: (212) 571-0505
ari@ottingerlaw.com

*COUNSEL FOR PLAINTIFF AND THE PROPOSED CLASSES*